## COBURN v. MELLEN AND TRUSTEES.

On the trial of an issue between the plaintiff and trustee, the wife of the debtor is not a competent witness for the plaintiff.

FOREIGN ATTACHMENT. The plaintiff sought to charge the trustees in this case for personal property alleged to have come into their hands under color of a bill of sale, absolute in its terms, executed by the principal defendant, to the supposed trustees, November 28, 1845.

The case was tried by the jury, and the plaintiff introduced evidence tending to show that the conveyance was made for an inadequate consideration, with the intent, on the part of the principal and trustees, of defrauding the creditors of the former. In the course of the trial, Nancy N. Mellen, wife of the principal, who had himself been ex-

amined, was offered as a witness for the plaintiff, and objection was made by the defendants, the trustees. She was admitted to testify, subject to the exception, and for this cause, among others, which are not here considered, the trustees moved for a new trial, a verdict having been rendered for the plaintiff.

*Morrison*, for the plaintiff.

*D. Clark*, for the trustees.

WOODS, J. The wife is an incompetent witness for the husband, in cases in which he is interested in the result. This is laid down as an invariable rule by the authorities. Starkie Ev. P. 4, 708. That the husband had an interest in the result of the trial in which the wife was examined, is clear from the reasoning of the court in *Wallace* v. *Blanchard*, 3 N. H. Rep. 395. The conveyance to the trustees was good and valid, as against Mellen, but if avoided as to the plaintiffs, the property would go to the discharge of Mellen's indebtedness to him, as fixed and ascertained in the present action. The interest of the husband was direct, and would have disqualified both himself and his wife, but for the statute which authorizes the plaintiff to examine him as a witness, on the trial of the issue against the trustee.

The words of the statute are: " In any such case, the debtor may be a competent witness." It is said, on the part of the plaintiff, that the reason of the statute is such as to include the wife, who is in general competent in all cases in which the husband is so. But the court have not so judged in the analogous case of examining a party before an auditor. In *Ranlett* v. *Herren*, decided in Grafton, December term, 1846, the plaintiff having testified, his wife was, on his motion, admitted by the auditor to testify in his behalf, and the report in the plaintiff's favor was, for that cause, set aside by the court.

Coburn *v.* Mellen.

The statute under consideration is plainly restricted in its terms, and does not qualify the wife any more than it does any other persons, beside the debtor, who, by the general principles of law, are incompetent witnesses.

*New trial granted.*